**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GEORGE MELETICHE | : | |
| | : | |
| Appellant | : | No. 1049 MDA 2019 |

Appeal from the PCRA Order Entered June 11, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0004403-2015

BEFORE:  SHOGAN, J., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:　　　　　**FILED NOVEMBER 26, 2019**

George Meletiche (Meletiche) appeals *pro se* from the order entered in the Court of Common Pleas of Berks County (PCRA court) dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, without a hearing.  We affirm.

**I.**

In 2015, Meletiche was charged with over 100 counts of various offenses for his involvement in a multi-county drug trafficking conspiracy.  Along with multiple co-defendants, he proceeded to an October 2017 jury trial that ended in a mistrial due to the Commonwealth failing to give notice of changes it made to a PowerPoint presentation it had used throughout the trial.  Meletiche

_____

[*] Retired Senior Judge assigned to the Superior Court.

filed a motion to dismiss and bar retrial based on the mistrial, but the trial court dismissed it for failing to state specific facts alleging misconduct.

Rather than proceed to a retrial, on February 1, 2018, Meletiche entered into a negotiated plea agreement with the Commonwealth that dealt with six counts of the 108 in the original information. The counts that he pled guilty were to Corrupt Organizations, Persons Not to Possess Firearms, Possession with Intent to Deliver (PWID) (three counts), and Conspiracy.[1] Based on the agreement, Meletiche was sentenced to five to ten years' imprisonment concurrently on each count. After sentencing, Meletiche did not file any post-sentence motions or a direct appeal.

On October 23, 2018, Meletiche filed a *pro se* PCRA petition and was appointed counsel who later filed a motion to withdraw with a **Turner/Finley** no merit letter.[2] The PCRA court granted the motion to withdraw and issued notice of its intent to dismiss the PCRA petition without a hearing under Pa.R.Crim.P. 907(a)(1). After Meletiche filed a response, the PCRA court entered its order dismissing the petition. Meletiche timely appealed and listed one issue in his Pa.R.A.P. 1925(b) statement that trial counsel was ineffective for coercing him into accepting the guilty plea.

---

[1] 18 Pa.C.S. § 911(b)(1), 18 Pa.C.S. § 6501(a)(1), 35 P.S. § 780-113(a)(30), and 18 Pa.C.S. § 903(a). All remaining counts were dismissed.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

## II.

On appeal, Meletiche contends that he is entitled to withdraw his guilty plea based on his claim of ineffective assistance of counsel as well as his actual innocence. He also contends that the PCRA court erred in dismissing his motion to dismiss based on double jeopardy because there was clear evidence that the Commonwealth's conduct in introducing evidence that it failed to present to the defense during discovery was done in a malicious and intentional manner.

## A.

For his first issue, it is not entirely clear under what grounds Meletiche is seeking collateral relief. His question presented states that he is entitled to withdraw his plea based on ineffectiveness of counsel, and he specifically argues in his brief that his claim is cognizable under 42 Pa.C.S. § 9543(a)(2)(ii). Meletiche's Brief at 6. Regarding such claims, this Court has observed, "all constitutionally cognizable ineffectiveness claims are cognizable under the PCRA without regard to innocence, involving cases involving guilty pleas." *Commonwealth v. Lynch*, 820 A.2d 728, 732 (Pa. Super. 2003). Despite this, Meletiche also asserts that he is innocent of the charges and that the PCRA Court erred by not granting an evidentiary hearing to address this claim. By so arguing, Meletiche appears to argue that he was unlawfully induced to plead guilty by his counsel and that he is innocent, which would be a cognizable claim under 42 Pa.C.S. § 9543(a)(2)(iii). Out of an abundance

- 3 -

of caution, we will review Meletiche's first issue under the standards for both ineffectiveness of counsel under § 9543(a)(2)(ii) and unlawful inducement under § 9543(a)(2)(iii).

To the extent Meletiche challenges the effectiveness of his plea counsel, we review such claims under the following guidelines:

> It is well-established that counsel is presumed effective, and to rebut that presumption, the PCRA petitioner must demonstrate that counsel's performance was deficient and that such deficiency prejudiced him. To prevail on an ineffectiveness claim, the petitioner has the burden to prove that (1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance. The failure to satisfy any one of the prongs will cause the entire claim to fail.

*Commonwealth v. Benner*, 147 A.3d 915, 920 (Pa. Super. 2016) (quotation marks, quotations and citations omitted).

> Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> Thus, to establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (citations and internal quotation marks omitted).

In his brief, Meletiche claims he instructed counsel to prepare for retrial but his counsel threatened to withdraw if he did not accept the plea. According to Meletiche, if counsel had not threatened to withdraw, then he would have never pleaded guilty. *See* Meletiche's Brief at 7-8. However, this is not grounds for ineffective assistance of counsel. If the trial court permitted counsel to withdraw, Meletiche would have been entitled to new counsel, either privately-retained or court-appointed, to represent him at the eventual retrial. That his counsel was unwilling to do the retrial does not mean that Meletiche was coerced into pleading guilty, and Meletiche cites to no case law to support such a notion.

Moreover, Meletiche affirmatively stated at the guilty plea hearing that he was choosing to plead and was satisfied with his attorney's representation. *See* N.T. Guilty Plea and Sentencing, 2/1/18, at 4. A criminal defendant "is bound by [any] statements" made during a plea colloquy since they were "made in open court while under oath," and thus, a defendant cannot assert "grounds for withdrawing the plea which contradict the statements" made at the plea colloquy. ***Commonwealth v. Willis***, 68 A.3d 997, 1009 (Pa. Super. 2013). While Meletiche may be displeased with the outcome of his decision to enter into the plea agreement, he cannot obtain relief by claiming that he felt coerced by counsel to plead guilty. ***See Commonwealth v. Brown***, 48 A.3d 1275, 1278 (Pa. Super. 2012). Thus, to the extent he is claiming

ineffectiveness of counsel in connection with his guilty plea, the PCRA Court did not abuse its discretion in denying his claim without hearing.

Likewise, to the extent Meletiche raises a claim of unlawful inducement, it also fails. Under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from a guilty plea "unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S. § 9543(a)(2)(iii). "A valid plea must be knowingly, intelligently, and voluntarily entered." *See Commonwealth v. Kelly*, 136 A.3d 1007, 1013 (Pa. Super. 2016) (citation omitted).

> The Pennsylvania Rules of Criminal Procedure mandate that pleas be taken in open court, and require the court to conduct an on-the-record colloquy to ascertain whether a defendant is aware of his rights and the consequences of his plea. Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement. This Court will evaluate the adequacy of the plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

*Id*. (citations omitted); *see also* Pa.R.Crim.P. 590.

Based on our review, Meletiche's guilty plea colloquy, both written and oral, covered all of the requirements for a valid guilty plea as outlined above. N.T. Guilty Plea and Sentencing, 2/1/18, at 2-6. This included the factual basis for the charges in which Meletiche admitted to acting as the principal of

the "Meletiche Guzman drug organization." *Id*. at 5. As he concedes in his brief, Meletiche did not voice any concerns at the hearing that he was being coerced into pleading guilty or that he was innocent of the charges.

In addition, Meletiche fails to specify what, if any, unlawful inducement his counsel made causing him to plead guilty despite his innocence. As discussed, Meletiche merely claims that his privately-retained counsel would have withdrawn if he insisted on going to trial again. Meletiche has not alleged or identified any deficient performance or incorrect representations that were made by counsel that caused him to enter an involuntary plea. We also note that Meletiche's innocence claim is confined to two sentences in which he baldly claims that the charges against him were based on "conjecture and speculation." Meletiche's Brief at 7. Besides this claim being contradicted by his admission to guilt during the colloquy, it is insufficient to support a claim under 42 Pa.C.S. § 9543(a)(2)(iii). Accordingly, the PCRA Court did not err in dismissing Meletiche's claim without hearing.

**B.**

Next, Meletiche argues the trial court erred in dismissing his motion to dismiss following mistrial. However, as the Commonwealth points out in its brief, Meletiche did not include this issue in his Pa.R.A.P. 1925(b) statement. The issue is thus waived. *See* Pa.R.A.P. 1925(b)(4)(vii); *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011) ("Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived.") (quotation omitted).

Even if not waived and properly presented in an effectiveness of counsel claim under 42 Pa.C.S. § 9543(a)(2)(ii), we would find the claim to be meritless. While double jeopardy issues usually raise a question of constitutional law with a *de novo* standard of review, we apply a more deferential standard to the trial court's factual findings to the extent they impact its double jeopardy ruling:

> Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record.

*Commonwealth v. Wood*, 803 A.2d 217, 220 (Pa. Super. 2002) (quotation omitted). In this case, when the trial court determined that a mistrial was appropriate, it also found that the Commonwealth had not caused it through misconduct, stating that it was not "ascribing any bad motives to anyone." N.T. Jury Trial, Vol. III, at 885. Instead, the trial court determined mistrial was warranted because it would be too confusing for the jury if it allowed the Commonwealth to correct its mistake. Meletiche's argument cites neither case law nor any record evidence to support his argument that the Commonwealth intentionally caused the mistrial. As a result, even if this issue were properly presented and preserved, we would not substitute our judgment for the trial court's factual finding.

Order affirmed.

Judge Shogan joins the memorandum

Judge Stabile concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/26/2019